**Electronically Filed
Supreme Court
SCWC-17-0000343
15-NOV-2018
07:45 AM**

SCWC-17-0000343

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

JOSELYN CALIXTA PUNIO,
Respondent/Defendant-Appellee,

and

JAMES SCOTT WEI dba J & J BAIL BONDS,
Petitioner/Petitioner-Appellant, Real Party-in-Interest.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-170000343; CR. NO. 15-1-0702)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Petitioner-Appellant James Scott Wei dba
J & J Bail Bonds (J & J Bail Bonds), real party-in-interest,
seeks review of the Intermediate Court of Appeals' (ICA)
August 3, 2018 Judgment on Appeal, which affirmed the Circuit
Court of the First Circuit's (circuit court) "Order Denying

Application of Surety Providing Good Cause as to Why Execution Should Not Issue as to Judgment of Forfeiture."

We vacate and remand.  When Defendant Joselyn Calixta Punio (Punio) made an oral motion to set aside the bail bond forfeiture, the circuit court[1] stated that "the bond company has to file a motion to set aside the court's prior action."  Our bail bond forfeiture provision provides:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, <u>a motion or application of the principal or principals, surety or sureties, or any of them</u>, showing good cause why execution should not issue upon the judgment, is filed with the court.

Hawaiʻi Revised Statutes (HRS) § 804-51 (2014) (emphasis added).

Under our bail bond statute, a "principal" includes a defendant.  See State v. Diaz, 128 Hawaiʻi 215, 223, 286 P.3d 824, 832 (2012); see also HRS § 804-41 (2014) ("At any time before the breach of the condition of the bond, the surety may discharge oneself by surrendering the principal into the hands of any sheriff or the chief of police . . . .").  Therefore, under

---

[1]    The Honorable Colette Y. Garibaldi presided.

HRS § 804-51, a defendant may file a motion to set aside a bail bond forfeiture.

In this case, although the circuit court did not abuse its discretion in requiring a written motion to set aside the bail bond forfeiture, the circuit court erred as a matter of law when it did not consider the motion made by Punio (the defendant) and instead required that a motion be filed by J & J Bail Bonds (the surety).

Accordingly, we vacate the ICA's August 3, 2018 Judgment on Appeal, vacate the circuit court's January 17, 2017 Order Denying Application of Surety Providing Good Cause as to Why Execution Should Not Issue as to Judgment of Forfeiture, and remand this matter to the circuit court to consider Punio's November 3, 2015 motion to set aside the bail bond forfeiture.

DATED:  Honolulu, Hawaiʻi, November 15, 2018.

| | |
|---|---|
| William A. Harrison for petitioner/petitioner-appellant J & J Bail Bonds | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Brian R. Vincent for respondent/plaintiff-appellee State of Hawaiʻi | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

